Stewart, J.
Many authorities have been cited by the counsel in this case, but I will not attempt to refer to all of them. It is conceded by counsel for the plaintiff in error that it is essential to their recovery in this case that the court should find that there'had been a forfeiture of this policy during the life of the insured, and founded upon that is their claim that the forfeiture was waived.
It is well settled that to enable an insurance company to promptly make payments in case of death, the insured while living must promptly make full payment of all dues under his contract with the company. Insurance Co. v. Robinson, 40 Ohio St. 273; Insurance Co. v. McMillen, 24 Ohio St. 83.
Hence, when a question arises upon an insurance policy, it becomes very important to determine what che contract between the parties is, and the provisions of a life insurance policy are construed and applied like the terms of any other contract. Ins. Co. v. Pyle, 44 Ohio St. 19.
The terms of the policy in this case, which determine the rights of the parties are found in the following clause :
“3. If the first or any subsequent premium on this policy shall be settled wholly or in part by note or other obligation, whether of the beneficiary, the insured, or any third party, such settlement shall not be deemed a payment, but only an extension of the time of payment of such premium; and if such note or other obligation or any renewal thereof shall not be fully paid when due, then for any loss occurring while such note or other obligation remains due and unpaid, the company shall not be liable, but the whole amount of the premium included in such note or other obligation, shall be considered as earned, and the company may collect the same.
The same stipulation appears in the application for the insurance, which application was signed by the plaintiff as well as by the insured. It also appears on the face of the renewal receipts received by plaintiff.
The parties to this contract were competent to make it. No fraud was practiced or claimed to have been attempted in the making of the contract, and nowhere is there found any qualifi *574 cation of its terms. When then we have determined what the fair and reasonable meaning of this contract is, it only remains to determine whether the parties have fulfilled or dispensed with the fulfillment of the same. While a policy containing terms similar to this has never so far as we can find been before the Supreme Court upon a question like the present, yet in the case of Matthews v. Ins Co., 40 Ohio St. 135, a policy similar to this was before the court and received an interpretation. The court says: “ Taking policy and application together, they told M. that, if he failed to pay an installment when due or within thirty days thereafter, the policy would be void subject to revivor by payment; the company to be free from liability for any loss occurring during the interval of default. * * * * The stipulations of the application and policy made the policy null and void during the whole period of default. No provision was made for a revivor save by the act of payment. Unless he should by this act restore its vitality, it was to remain void. _ * * * * The policy constituted the contract between the parties. The application and notes (receipts) were part of it. To make the policy void was to leave no contract in existence. To make it void until M. should pay the installments in default, was to leave no contract between them, except the stipulation, that he, by payment, might restore the contract. This suit was begun while the policy was in this state of suspended animation.”
And so it seems clear to us, looking at these provisions of this policy, that it did not provide for aforfeiture; in the preceding clause that of the policy a forfeiture is provided for, and in unequivocal language; but here there is no such provision. There is a stipulation that the Company will extend the time of payment, in case a note is given; that is, that while ordinarily the payment of the premium in advance is a condition to the continuance of the policy, the company agrees to take a note and thereby extend the time of payment, and if before the note falls due a loss occurs, the policy is still in force and the company liable; and not only extending it for this note, but for any renewal thereof; nor does it provide that a failure to pay the note shall avoid the policy, but that if a loss occurs *575 after the note falls due and before it is paid the company shall not be liable. That is that it should only become wholly void if the default should continue during the whole period of the insurance. (19 Mich. 451.) There is certainly nothing illegal or opposed to public policy in such a provision, and it being evident that the parties were competent to make such a contract, it is.binding upon them. While the note is running and not yet due, the Company although its premium is due and unpaid, carries the risk; on the other hand, after it becomes due, the insured and the beneficiary take the risk of a loss occurring before the obligation is paid. After the note falls due the policy is, as the Supreme Court said in Matthews v. Ins. Co., supra, in a state of suspended animation. Payment revives it, and failure to pay before a loss occurs, avoids it. Nor is there anything unfair or unreasonable in such a, contract. While the insured continues in the violation of his contract, the insurer should not be bound by him. He might have made the contract terminate immediately upon the failure to pay, and because he did not do so, it is not right to inflict a loss upon him.
Testimony was offered to show that at the time this note was given the agent of the company agreed that it need not be paid when due. It is conceded, and must be, that such evidence is incompetent to vary the terms of the obligation, but it is claimed to be competent for the purpose of showing the course of business of the company, and as showing a waiver of this provision of the policy. But so far as it tended to show that partial payments were made and accepted by the company on this note, there was no dispute about the fects, and what had been done a previous year could afford no light upon the controversy, in view of the plain notice to the insured contained on the receipt; and there was nothing for the company to waive in such a case, unless it was the health certificate, and nothing is claimed from a failure to furnish such a certificate, hence the testimony as to the condition of health of insured was immaterial. Until a loss occurred, the company received the money of the plaintiff in accordance with its contract, and that being admitted, such evidence was wholly immaterial here. It did not even tend to show that *576 they had waived the right to insist upon the forfeiture if the loss occurred without payment. Nor is there anything in the answer of the company at variance with their claim or argument. Neither the letter nor the deposition of the secretary of the company shows anything tending to excuse the plaintiff for the non-fulfillment of her contract. But it is claimed that no demand was made for payment of this note. We do not think this was necessary, but the fact shown by the evidence that the agent of the company came to the plaintiff for money, instead of the plaintiff going to the agent, would tend to show that some desire for the money was shown by the company. The plaintiff also offered to show that she was able and ready to pay the note at any time, but there is no claim that she ever tendered the money, or that the company declined to receive the money; in fact her testimony shows that she had the privilege of paying at any time she chose, but did not avail herself of her privilege.
W. B. Page and J. T. Holmes, for plaintiff.
W. Q. McFarland and Taylor & Taylor, for defendant.
Upon the whole case, then, we think that it clearly appears that the plaintiff and the insured failed to perform the conditions of this policy on their part to be performed ; that those conditions were reasonable and legal, and entered into understanding^; and that nothing in the testimony offered, tended to show any waiver by the company of its right, or that at any time there arose any occasion for a waiver by them. That the policy was not by its terms forfeited, but only suspended, by the non-payment of the note, and that the plaintiff and insured having failed to revive it by payment before a loss occurred, are not entitled to recover.
It follows that there was no error in the judgment of the court below, and it will be affirmed.